UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILDA A. OAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-0617-WTL-TAB |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ENTRY ON JUDICIAL REVIEW

Pursuant to 42 U.S.C. § 405(g), Plaintiff Wilda A. Oak seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). For the reasons set forth below, the Court **AFFIRMS** the Commissioner's ruling.

## PROCEDURAL HISTORY

Oak filed her applications in June 2007 alleging disability beginning on June 3, 2003, due to osteoarthritis, hepatitis C, carpal tunnel syndrome, gastroesophageal reflux disease, urinary incontinence, vertigo, sleep apnea, obesity, depression, and anxiety. Her application was denied initially and upon reconsideration, whereupon she requested and was granted a hearing before an ALJ. An initial hearing was held in October 2008 before ALJ John H. Metz, at which Oak testified. Also testifying were medical expert Dr. Lee Fischer and a vocational expert Gail Corn. In a decision dated October 27, 2008, the ALJ denied Oak's application for benefits. After the Appeals Council denied review of the ALJ's decision on April 21, 2009, Oaks filed this timely

appeal.

## APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

## THE ALJ'S DECISION

The ALJ found at step one that Oak had not engaged in substantial employment since her

alleged onset date of June 3, 2003. At steps two and three, the ALJ concluded that Oak had the severe impairments of osteoarthritis, hepatitis C, carpal tunnel syndrome, gastroesophageal reflux disease, urinary incontinence, sleep apnea, hypertension, obesity, low back pain, sinus cyst and diabetes, but that those impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Oak retained the RFC to perform light work with certain limitations. Specifically, he found that she could lift, carry, push and pull up to ten pounds frequently and up to twenty pounds occasionally and sit, stand and walk up to two hours in an eight-hour work day, but she was required to avoid climbing ladders, ropes, and scaffolds. She could bend, crouch and climb ramps and stairs frequently, but she was limited to occasional crawling, kneeling, stooping, driving and the use of foot pedals. In addition, she should avoid working at unprotected heights or around moving machinery. She was limited to the performance of simple and repetitive work tasks requiring one to four steps, and her work must have regular expectations, but could change. The ALJ found that given her RFC Oak was able to return to her past relevant work as a price marker. Further, he noted that considering her age, education, work experience and RFC, she was capable of performing a significant number of other jobs in the national economy, including inspector, handpacker, and assembler. Therefore, the ALJ determined that Oak was not disabled.

## DISCUSSION

On appeal, Oak takes issue with the ALJ's findings with regard to the limitations she suffers as a result of carpal tunnel syndrome. Specifically, Oak assigns as error the fact that the ALJ found that Oak had no grasping or manipulative limitations in spite of the fact that he found that her carpal tunnel syndrome was a severe impairment. As Oak notes, a "severe impairment" as defined by the relevant regulations is one that significantly limits a claimant's ability to do

basic work activities.  *See* 20 C.F.R. § 1520(c).  Oak asserts that "[g]enerally, and in Mrs. Oak's case, carpal tunnel syndrome restricts a person's ability to perform repetitive motions with her hands" and that "[i]t cannot be seriously disputed that, in general, carpal tunnel syndrome prevents repetitive grasping and manipulation."  Oak's Brief at 4, 13.  Therefore, Oak argues, it necessarily follows that Oak is significantly limited in her ability to use her hands, and it was error for the ALJ to fail to include that limitation in his RFC and find that she could perform jobs that require at least frequent handling.

Oak's argument has a certain logic to it, and Oak is indeed correct when she notes that "[i]t is not unusual to find a Social Security claimant with carpal tunnel syndrome limited to no more than occasional (1% to 33% of the day) grasping and manipulation."  Oak's Brief at 12 (citing examples of two such cases).  The ALJ made his determination based upon the evidence presented in *this* case, however, and that evidence amply supports his RFC finding.  The ALJ based his RFC determination on the testimony of the medical examiner at the hearing, Dr. Fischer, who recognized that Oak had carpal tunnel syndrome but did not feel that she had any limitations in grasping or manipulation.  The same is true of the consultative examiner, Dr. French.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred."  *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ.  *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).  The ALJ is required to articulate only a minimal, but

legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.* In this case, the ALJ satisfied his obligation to articulate the reasons for his decision, and that decision is supported by substantial evidence in the record. Accordingly, the decision of the ALJ is **AFFIRMED**.

    SO ORDERED:   08/04/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification